IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-41061

Summary Calendar

JANIS MULLINAX,

Plaintiff-Appellant,

versus

TEXARKANA INDEPENDENT SCHOOL DISTRICT; ET AL.,

Defendants.

TEXARKANA INDEPENDENT SCHOOL DISTRICT; LARRY SULLIVAN, DR.,
Superintendent, Texarkana Independent School District,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(5:99-CV-190)

April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This appeal presents the question of the issue preclusive
effect of findings by a Texas state independent hearing examiner in
a teacher's termination proceeding.  The district court granted
summary judgment to the defendants on plaintiff's claims of

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

termination in retaliation for exercise of protected First Amendment rights. The district court held that the hearing examiner's finding that the defendant school district had "good cause" to terminate the plaintiff's employment precluded the plaintiff from relitigating the issue of retaliatory discharge. We reverse in part and affirm in part.

I

Plaintiff Janis Mullinax was a physical education teacher at a public elementary school in Texarkana, Texas. She was also the faculty sponsor of a school dance club and was involved in various other school and community organizations. In 1998 and early 1999, Mullinax raised a number of complaints and grievances regarding various actions by the school and other teachers. At least one of these grievances was resolved in Mullinax's favor by defendant Larry Sullivan, the Superintendent of the Texarkana Independent School District. In March 1999, her employment contract was renewed.

One of the complaints Mullinax raised was that the school had forbidden her use of Christian music in the school dance club's routines. Dr. Sullivan told Mullinax that school policy did not permit her to use Christian music in the dance club's routines. Later, on about April 20, 1999, Mullinax and several students were interviewed by a local newspaper about the dance club and their use of Christian music. Mullinax alleges that her discussions with the

newspaper made the administration of the school district concerned about negative publicity in advance of an upcoming bond issue.

On April 22, 1999, Mullinax led a class of third grade students on a nature hike. During that hike, some of the students ingested a wild plant called sour weed and became ill.[1] Within a day of this incident, Mullinax was suspended. Pursuant to the procedure established by Texas law,[2] Dr. Sullivan recommended to the School District Board of Trustees that Mullinax be fired. The School Board accepted the recommendation, and Mullinax was given notice of the proposed decision. Mullinax invoked her right to appeal the decision of the School Board to a Hearing Examiner, who would make findings of fact and recommend either termination or reinstatement to the School Board.

After an extensive hearing, the Hearing Examiner issued her report to the School Board. The Hearing Examiner's duty was to determine whether or not Mullinax should be terminated. The only basis for termination claimed by the School Board was "good cause."[3] The Hearing Examiner made findings of fact regarding whether the sour weed incident constituted good cause to terminate Mullinax's employment; the Hearing Examiner made no findings

---

[1] Mullinax contends that sour weed is harmless and is commonly chewed by children and adults.

[2] *See* Tex. Educ. Code § 21.211 *et seq.*

[3] Texas law allows termination "for good cause" or because of "financial exigency." Tex. Educ. Code § 21.211.

regarding Mullinax's claims that she was termination in retaliation for protected activity. The Hearing Examiner concluded that the School Board had good cause to terminate Mullinax's contract and recommended termination.

The School Board, after reviewing the Hearing Examiner's report, accepted the recommendation and terminated Mullinax. Mullinax chose not to appeal the decision to the Texas Commissioner of Education. Instead, she filed suit in U.S. District Court alleging deprivation of due process and retaliatory discharge under Section 1983[4] and violations of the Texas Whistleblower Act[5] and the right to grieve.[6]

The defendants moved for summary judgment, making two arguments: that her due process claim fails because she failed to utilize available state remedies, and that the Hearing Examiner's findings collaterally estop her from arguing that the defendants had an improper motive in terminating her employment. The district court granted summary judgment on all claims. Mullinax appeals the ruling on all claims except her due process claim.

II

Issue preclusion, also called collateral estoppel, "prevents relitigation of particular fact issues already resolved in a prior

---

[4] 42 U.S.C. § 1983.

[5] Tex. Gov't Code § 554.001 *et seq.*

[6] Tex. Gov't Code § 617.005.

suit in a subsequent action upon a different cause."[7]  Issue preclusion applies to rulings by administrative agencies "when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate."[8]  In the case before us, it is undisputed that the Hearing Examiner's findings were made in a judicial capacity and thus are entitled to issue preclusive effect.[9]

The Hearing Examiner made the following relevant findings of fact and legal conclusions: Mullinax made several complaints regarding incidents at her school, including a formal grievance with Dr. Sullivan; Dr. Sullivan heard her grievance and resolved it in her favor; Mullinax took third graders on a hike, and some had to be sent to the nurse after ingesting sour weed; Dr. Sullivan investigated the sour weed incident and "determined as a result of the investigation that he could no longer place students in Ms. Mullinax's care without any confidence"[10]; Dr. Sullivan recommended Mullinax's termination to the School Board; the School Board voted

---

[7] *Muckelroy v. Richardson Indep. School Dist.*, 884 S.W.2d 825, 830 (Tex. App.—Dallas 1994).  Under federal law, a federal court gives a state court judgment the same preclusive effect as would be given under the law of state under which the judgment was entered.  *See Gammage v. West Jasper School Bd. of Educ.*, 179 F.3d 952, 954 (5th Cir. 1999).

[8] *Muckelroy*, 884 S.W.2d at 830 (internal quotation marks omitted).

[9] The Texas Education Code states that the Hearing Examiner must conduct the hearing "in the same manner as a trial without a jury in a district court of the state."  Tex. Educ. Code § 21.256(e).

[10] Presumably, the Hearing Examiner meant "with any confidence."

to accept the recommendation of Dr. Sullivan; the sour weed incident "is sufficient and does rise to the level of good cause for termination"; and "Ms. Mullinax's employment with the Texarkana Independent School District should be terminated."[11]

These findings preclude the relitigation of these issues in Mullinax's federal lawsuit. But they do not compel summary judgment in favor of the defendants on Mullinax's retaliation claims. Both Section 1983 and Texas's Whistleblower Act[12] incorporate the *Mt. Healthy*[13] burden-shifting framework for proving termination in retaliation for protected activity. Under this framework, the plaintiff must show that her protected activity was a "substantial" or "motivating" factor in the defendant's decision to terminate her.[14] It need not be the only factor.[15] The burden

---

[11] Defendants contend, citing *Montgomery Independent School District v. Davis*, 34 S.W.3d 559, 566-68 (Tex. 2000), that the failure of the Hearing Examiner to make a finding on the issue of retaliation is an implicit finding that no retaliation occurred. We disagree. *Montgomery Independent School District* makes clear that no inference can be drawn from the silence of the Hearing Examiner; when evidence is presented at the hearing, but the Hearing Examiner makes no finding, it could be that the Hearing Examiner simply found the evidence "not material" to the issues before it. *Id.* at 566. On the other hand, if "evidence is conflicting and credibility is in issue," the Hearing Examiner may decline to make a finding because she is unpersuaded by the evidence presented. *Id.* at 568. In this case, the failure of the Hearing Examiner to make findings regarding Mullinax's claims of retaliation—when the only issue before the Hearing Examiner was good cause—creates no inference that a finding was made.

[12] Tex. Gov't Code § 554.001 *et seq.*

[13] *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *see also Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 632-37 (Tex. 1995).

[14] *Mt. Healthy*, 429 U.S. at 287.

[15] *Hinds*, 904 S.W.2d at 634.

6

then shifts to the defendant to prove that it would have made the termination decision even in the absence of the protected conduct.[16]

The findings of the Hearing Examiner do not address the elements of the *Mt. Healthy* framework. They only establish that one legitimate, motivating factor in Mullinax's termination decision was her conduct in the sour weed incident. There is no finding that Mullinax's allegedly protected conduct was not a "substantial" or "motivating" factor in her termination. Nor is there any finding that Dr. Sullivan would have recommended Mullinax's termination, or that the School Board would have accepted the recommendation, even in the absence of her allegedly protected conduct. Summary judgment against Mullinax is improper because, as we have stated, "the question is not whether the employer justifiably could have made the same decision [in the absence of the protected conduct] but whether it actually would have done so."[17]

Thus, the Hearing Examiner's factual findings do not destroy any genuine issues of material fact in this case that would

---

[16] *Mt. Healthy*, 429 U.S. at 287. *Hinds* did not shift the burden of proof of this issue to the defendant. *See Hinds*, 904 S.W.2d at 637. However, amendments to the Texas Whistleblower Act in 1995 made the showing that the defendant would have terminated the employee even in the absence of the protected conduct an affirmative defense. *See* Tex. Gov't Code § 554.004 (2001). Regardless of any differences in the burdens of proof, the same elements are required by *Mt. Healthy* and *Hinds*.

[17] *Professional Ass'n of College Educators v. El Paso County Community College Dist.*, 730 F.2d 258, 265 (5th Cir. 1984).

7

otherwise exist.[18]   Since defendants raise no other basis for granting summary judgment,[19] the district court's granting of summary judgment on Mullinax's Section 1983 and Texas Whistleblower Act claims were error, and we reverse these rulings.[20]

The district court's grant of summary judgment on Mullinax's claim based on Texas Government Code § 617.005 was not, however, error.[21]   This section protects the rights of public employees to present grievances, but it requires no more than that an employee has "access to those in a position of authority in order to air their grievances."[22]   Mullinax has not alleged that she did not have access to Dr. Sullivan or the School Board in ventilating her

---

[18] *Cf. Gammage v. West Jasper School Bd. of Educ.*, 179 F.3d 952 (5th Cir. 1999) (affirming summary judgment on grounds of issue preclusion when the state court had explicitly ruled against plaintiff on essential elements of the plaintiff's claim).

[19] All parties agree in their submissions to this Court that issue preclusion is the only grounds proferred for affirming summary judgment. Further, the defendants' reply to plaintiff's response to the motion for summary judgment expressly disclaimed any claim that there was no evidence sufficient to create a genuine issue of material fact as to any element of her claims.

[20] The magistrate judge's report and recommendation stated that the Hearing Examiner's finding that the School Board had good cause "breaks any possible chain of causation," noting that *Mt. Healthy* held that the "fact that constitutionally protected conduct played a substantial part in the decision not to rehire a teacher did not necessarily amount to a constitutional violation." The magistrate judge correctly cited *Mt. Healthy*, but the fact that protected conduct allegedly played a substantial part in the decision does not *necessarily* amount to a constitutional violation does not justify a summary judgment ruling that it *cannot* amount to a constitutional violation.   The Hearing Examiner's findings simply do not address the issue of whether the School Board would have fired Mullinax in the absence of her allegedly protected conduct.

[21] Mullinax argues that the district court did not enter summary judgment on her state law claims.   This is incorrect.   The district court expressly dismissed her entire lawsuit when it entered summary judgment for the defendants.

[22] *Corpus Christi Indep. School Dist. v. Padilla*, 709 S.W.2d 700, 707 (Tex. App.—Corpus Christi 1986).

8

concerns and complaints. Further, for this claim, the Hearing Examiner's findings preclude any relief under this statute. The Hearing Examiner expressly found that Mullinax had access to and utilized the School District's procedures for raising grievances. We affirm the district court's grant of summary judgment on this claim.

## III

We agree with the district court that the factual findings of the Hearing Examiner are entitled to issue preclusive effect. We AFFIRM the district court's grant of summary judgment on the plaintiff's claim under Texas Government Code Section 617.005. We REVERSE the district court's grant of summary judgment on plaintiff's claims under section 1983 for retaliatory discharge and under the Texas Whistleblower Act, because the findings of the Hearing Examiner, although issue preclusive, do not establish that the defendants must prevail as a matter of law. We REMAND to the district court for further proceedings consistent with this opinion.