Laura MUCKELROY, Appellant,

v.

RICHARDSON INDEPENDENT
SCHOOL DISTRICT, Dr. Arzell Ball,
and Jerry Miller, Appellees.

No. 05–93–01809–CV.

Court of Appeals of Texas,
Dallas.

Aug. 16, 1994.

Rehearing Denied Sept. 29, 1994.

Daniel R. Ortiz, Arlington, for appellant.

Robert E. Luna, Melinda D. Blackwell, Dallas, for appellees.

Before THOMAS, ROSENBERG and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Laura Muckelroy sued Richardson Independent School District (RISD), Dr. Arzell Ball, Dr. Dan Lair,[1] and Jerry Miller for breach of contract, tortious interference with contract, negligent infliction of emotional distress, and intentional infliction of emotional distress relating to the termination of her employment with RISD. The trial court granted summary judgment for RISD, Ball, and Miller. Muckelroy contends on appeal that the trial court erred in granting the motion for summary judgment. We affirm the trial court's judgment.

## BACKGROUND

Laura Muckelroy worked for thirty years as a RISD teacher and administrator. In early 1988, RISD notified Muckelroy that it would soon consider her employment contract for renewal. On March 31, 1988, Muckelroy met with Ball, superintendent of RISD, Lair, executive director of staff personnel services at RISD, and Miller, area assistant superintendent of RISD, to discuss Muckelroy's employment contract.

At this meeting, Miller informed Muckelroy that he was going to recommend nonre-newal of Muckelroy's contract. Miller gave Muckelroy the option of resigning before he recommended nonrenewal. That day, Muckelroy submitted a letter of resignation expressing her intent to resign at the end of the 1988–1989 school year. Also on that day, Lair accepted Muckelroy's resignation on behalf of RISD. On February 24, 1989, Muckelroy wrote a letter to Ball requesting that she be allowed to revoke her letter of resignation. RISD denied Muckelroy's request.

Muckelroy appealed the district's decision to accept her resignation to the commissioner of education (the commissioner). In her petition for review, Muckelroy asserted that Lair did not have authority to accept her resignation. She further alleged that RISD officials coerced her into signing the letter of resignation and caused her to sign under duress. After a hearing at which both Muckelroy and RISD were represented by counsel, the commissioner found: (1) RISD could lawfully delegate the authority to accept resignations to Lair; (2) Muckelroy's resignation was properly accepted and could not be withdrawn after acceptance; and (3) Muckelroy was not coerced into tendering her resignation. Muckelroy appealed the commissioner's decision to the district court in Travis County. The district court affirmed the commissioner's decision by final judgment dated October 20, 1992. Muckelroy did not appeal the district court's final judgment.

In February 1991, while the action was pending before the commissioner, Muckelroy filed suit in the district court in Dallas County against RISD, alleging RISD breached its employment contract with her. The trial court abated the proceedings pending the outcome of the administrative proceeding. On November 12, 1992,[2] Muckelroy amended her original petition in the present action to add Ball, Lair, and Miller as defendants. She also added claims for tortious interference with contract, intentional infliction of

---

1. Dr. Lair died during the pendency of this suit and was subsequently nonsuited.

2. The record does not contain this pleading; however, the parties agree in their briefs on this date for the addition of the individual defendants and the tort claims.

emotional distress, and negligent infliction of emotional distress.[3]

## THE MOTION FOR SUMMARY JUDGMENT

RISD, Ball, Lair, and Miller filed a joint motion for summary judgment. RISD moved for summary judgment on Muckelroy's contract claim based on res judicata and collateral estoppel. RISD moved for summary judgment on the tort claims on the grounds of sovereign immunity. The individual defendants moved for summary judgment on the contract claim based on res judicata, collateral estoppel, and official immunity, and on the tort claims based on statute of limitations grounds. The trial court granted a take-nothing summary judgment for appellees without specifying the legal basis for granting relief.

In her sole point of error, Muckelroy argues that the trial court erred in granting summary judgment for appellees. Muckelroy's point of error contains eight subparts: (1) the statute of limitations does not bar Muckelroy's tort claims; (2) res judicata and collateral estoppel are not applicable; (3) official immunity does not protect Ball and Miller; (4) Muckelroy did not resign before she revoked her resignation; (5) RISD breached Muckelroy's employment contract by violating its own policies and procedures; (6) RISD is not immune from Muckelroy's breach-of-contract claim; (7) Muckelroy is entitled to recover attorney's fees on the contract claim; and (8) the commissioner of education lacked jurisdiction over Muckelroy's claims.

## STANDARD OF REVIEW

■■■ The function of a summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue but to eliminate patently unmeritorious claims and untenable defenses. See Gulbenkian v. Penn, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant, and any doubts are resolved in its favor.

Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of the summary-judgment rule is not to provide either a trial by deposition or a trial by affidavit, but is to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. See Gaines v. Hamman, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). For the defendant, as movant, to prevail on a summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. International Union UAW Local 119 v. Johnson Controls, Inc., 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). An issue is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex.1982).

■■■ A movant must expressly present the specific grounds for summary judgment in the summary judgment motion itself. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.1993). Once a movant has established a right to summary judgment, the burden shifts to the nonmovant to present the trial court with evidence of any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979). A summary judgment for the defendant disposing of the entire case is only proper if, as a

---

3. We note that the supreme court has held that no independent action for negligent infliction of emotional distress exists in Texas. See Boyles v. Kerr, 855 S.W.2d 593, 595–96 (Tex.1993).

matter of law, the plaintiff could not succeed upon any theories pleaded. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983) (per curiam).

■ When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

### APPELLANT'S TORT CLAIMS

Muckelroy first contends that the trial court erred in granting summary judgment for Ball and Miller on her tort claims on the basis of the statute of limitations.[4] *See* TEX. CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986) (two-year limitations period).

Muckelroy acknowledges the two-year statute of limitations but argues that the discovery rule applies to her tort claims. She asserts that a fact issue exists about whether she, in the exercise of reasonable diligence, knew or should have known of Ball and Miller's wrongful conduct. Muckelroy argues she could not have discovered a cause of action against Ball and Miller until she appealed the commissioner's decision to the Travis County district court and took the depositions of Ball and Miller.

### Applicable Law

■ The two-year limitations period applies to tortious interference with contract claims. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986); *First Nat'l Bank v. Levine,* 721 S.W.2d 287, 289 (Tex.1986). Likewise, the two-year statute applies to claims of intentional infliction of emotional distress. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986); *Stevenson v. Koutzarov,* 795 S.W.2d 313, 319 (Tex.App.— Houston [1st Dist.] 1990, writ denied) (op. on reh'g).

■ For a suit to be timely under the two-year statute, it must be brought within two years after a cause of action accrues.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). A cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990).

■ The discovery rule provides an exception to the general rule of accrual. *Moreno,* 787 S.W.2d at 351; *Robinson,* 550 S.W.2d at 19. The discovery rule is a judicially constructed test used to determine when a plaintiff's cause of action accrues. *Moreno,* 787 S.W.2d at 351. When applied, the discovery rule tolls the running of the period of limitations until the time that the plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the nature of her injury. *Moreno,* 787 S.W.2d at 351; *Gaddis v. Smith,* 417 S.W.2d 577, 578 (Tex.1967).

### Analysis

■ The summary-judgment evidence conclusively shows that appellant knew of her injury by February 24, 1989. In her summary-judgment affidavit, Muckelroy states that she met with Ball and Miller on several occasions between March 1, 1988 and March 31, 1988. She states that on March 31, 1988, Ball and Miller requested a letter of resignation "right then and there." Ball and Miller attached excerpts from Muckelroy's deposition showing her own testimony that the March 31, 1988 meeting was the last meeting she had with Ball, Lair, and Miller concerning her employment contract. The summary-judgment evidence shows that all of the operative facts giving rise to her tort claims against Ball and Miller came out of these meetings held during March of 1988. In her affidavit, Muckelroy admits that she knew of Ball and Miller's alleged wrongful conduct by February 24, 1989, the date she wrote her letter attempting to revoke her intent to resign. She states in her affidavit:

4. Muckelroy does not challenge the trial court's granting of summary judgment for RISD on her tort claims.

"I wrote the letter because of the wrongful conduct of the [d]efendants which conduct amounts to coercion, over-reaching [*sic*] and tortious interference with my contractual relations." Because Muckelroy admitted she knew of the nature of the injury, the damages, and the parties involved by February 24, 1989, her tort actions accrued no later than that date.

Muckelroy's claims against Ball and Miller accrued, at the latest, by February 24, 1989. Muckelroy amended her petition on November 12, 1992 to add Ball, Lair, and Miller as defendants and to include these claims. The trial court correctly granted summary judgment for Ball and Miller on appellant's tort claims based on the two-year statute of limitations.

### BREACH–OF–CONTRACT CLAIM

Muckelroy next contends that the trial court erred in granting summary judgment for RISD based on the application of the doctrines of res judicata and collateral estoppel to her breach-of-contract claim.[5] In its motion for summary judgment, RISD asserted that Muckelroy's claim was barred because the commissioner had already adversely decided disputed fact issues essential to her claim. Muckelroy argues that the commissioner did not have jurisdiction of her claim; therefore, the commissioner's findings were not binding on the Dallas County district court. She also argues that the theories of recovery, operative facts, and measure of recovery in her claim differ substantially from those in her administrative claim.

### Collateral Estoppel

Collateral estoppel, or issue preclusion, prevents relitigation of particular fact issues already resolved in a prior suit in a subsequent action upon a different cause. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984) (op. on reh'g).

A party seeking to invoke collateral estoppel must establish:

(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action;

(2) those facts were essential to the judgment in the first action; and

(3) the parties were cast as adversaries in the first action.

*Bonniwell,* 663 S.W.2d at 818. Collateral estoppel is based on several policy factors: (1) freedom from vexatious litigation; (2) avoiding danger of double recovery; (3) fostering stable decisions; and (4) economizing court time and resources. *See Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971).

### Application of Collateral Estoppel to Administrative Agency Orders

Collateral estoppel applies to administrative agency orders when the agency is "acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Bryant v. L.H. Moore Canning Co.*, 509 S.W.2d 432, 434 (Tex.Civ. App.—Corpus Christi), *cert. denied*, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966)); *Railroad Comm'n. v. Phillips*, 364 S.W.2d 408, 411 (Tex.Civ.App.—Austin 1963, no writ). *But see Champlin Exploration, Inc. v. Railroad Comm'n.*, 627 S.W.2d 250, 253 (Tex.App.— Austin 1982, writ ref'd n.r.e.) (although agency decision may bind agency, it will not be given res judicata effect in subsequent judicial proceedings). An agency must have jurisdiction over the disputed issues for courts to give agency findings preclusive effect. *See Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 680 (Tex.1982). Even if the agency is powerless to grant all the relief requested, if it has the authority to make incidental findings essential to the granting of the relief, the agency has primary jurisdiction to hear the dispute. *Texas Educ. Agency v. Cy-*

---

**5.** We note that while appellees pleaded and argued res judicata and collateral estoppel in the alternative, the facts of this case make it clear that only the doctrine of collateral estoppel applies.

*press–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90–91 (Tex.1992); *Lake Country Estates, Inc. v. Toman,* 624 S.W.2d 677, 681 (Tex.App.–Fort Worth 1981, writ ref'd n.r.e.).

## Analysis

■■■ The commissioner of education had jurisdiction over the disputed issues regarding Muckelroy's employment contract. Section 11.13 of the Texas Education Code provides that the commissioner's jurisdiction extends to appeals by any person aggrieved by actions or decisions of any board of trustees or board of education. *See* TEX.EDUC.CODE ANN. § 11.13(a) (Vernon 1991).

The board of trustees of RISD ratified the administration's acceptance of Muckelroy's March 31, 1988 resignation. Muckelroy then appealed the board's decision to the commissioner on the grounds that her resignation was (1) not accepted by a person with authority and (2) involuntary because it was obtained through duress "and/or" coercion.

The commissioner held a full hearing on Muckelroy's appeal of RISD's refusal to allow her to revoke her resignation. Both Muckelroy and RISD were represented by counsel at the administrative hearing. The parties were adversaries in the administrative proceeding. The commissioner's designated hearing officer entered findings of fact and conclusions of law that Lair properly accepted Muckelroy's resignation on behalf of RISD and that Muckelroy was not coerced [6] when she tendered her resignation. Clearly, the commissioner acted in a judicial capacity and resolved disputed issues of fact which were properly before him. *See Bryant,* 509 S.W.2d at 434.

During the agency hearing, the parties had an adequate opportunity to fully and fairly litigate the issue of the validity of Muckelroy's resignation. Muckelroy appealed the commissioner's decision, and the district court in Travis County entered final judgment affirming the commissioner's decision. Under the principle of collateral estoppel, the commissioner's findings on the validity of Muckelroy's resignation bind the trial court.

*See Vaughn v. Burroughs Corp.,* 705 S.W.2d 246, 249 (Tex.App.–Houston [14th Dist.] 1986, no writ).

This factual determination that Muckelroy voluntarily resigned from her employment precludes her breach-of-contract claim. The trial court correctly found that Muckelroy was collaterally estopped from relitigating the validity of her resignation and correctly granted summary judgment for RISD on Muckelroy's breach-of-contract claim.

Because our disposition of the above issues disposes of Muckelroy's appeal, we do not reach her remaining arguments.

We overrule appellant's point of error and affirm the trial court's judgment.

---

**6.** The hearing officer did not make a specific finding regarding "duress." However, Muckelroy used the terms duress and coercion interchangeably in arguing that her resignation was involuntary.