**Donald TURNAGE, Appellant,**

v.

**JPI MULTIFAMILY, INC., Appellee.**

**No. 01–01–00163–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 20, 2001.

---

3. A second carrier's summary judgment was affirmed based on a pollution exclusion in its policy.

615

John Lindsley McCraw, McKinney, for Appellant.

Philip Robert Brinson, Brown Sims, P.C., Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

Appellant, Donald Turnage, appeals a take-nothing summary judgment rendered against him. We affirm.

## Background

This lawsuit arises out of a confrontation between Turnage and off-duty Houston Police Department (HPD) Officer Borza in an apartment complex at about 2:30 in the morning. Appellee JPI MultiFamily, Inc. (JPI) managed the apartment complex, and Borza provided security for the apartments. Turnage was arrested for driving while intoxicated (DWI) and for attempting to disarm a peace officer. At a license-suspension hearing, the parties disputed (1) whether Turnage drove his car recklessly into the parking lot, almost ran the car into an apartment building, left the car running in the middle of the lot, or argued loudly with his wife upon arriving at or entering his apartment and (2) whether Turnage or Borza instigated the fight that ensued when Borza then went to Turnage's apartment to investigate. The administrative law judge (ALJ) found against Turnage and suspended Turnage's license; Turnage did not appeal the suspension. He was later acquitted of attempted disarming of a peace officer, and the State dismissed the criminal DWI charge.

Turnage sued on theories of (1) assault, battery, and trespassing against Borza, and against the apartment owner and JPI under the doctrine of "rule of force" and respondeat superior; (2) negligent hiring and supervision against the apartment owner and JPI; (3) negligence in "directing Borza to confront Mr. Turnage ... who was peaceably occupying his apartment" against the apartment owner and JPI; and (4) breach of express and implied warranty, for allegedly warranting "the right to peacefully occupy [Turnage's] leased apartment," against JPI and the apartment owner.

JPI moved for 166a(c) summary judgment against Turnage on the following grounds: (1) collateral estoppel barred relitigation of whether Borza acted with reasonable suspicion and probable cause leading up to Turnage's arrest; (2) when Borza acted under reasonable suspicion and probable cause, he was as a matter of law performing the public duties of a police officer, precluding his then being JPI's agent; (3) JPI was thus not liable for Borza's torts under any pled theory; (4) Texas does not recognize causes of action for breach of express or implied warranties "to peacefully occupy a leased premise"; and (5) Texas does not recognize separate causes of action for negligent direction or supervision of an employee, apart from negligent hiring. Turnage also moved for 166a(i) summary judgment in the same motion, asserting there was no evidence showing (1) the proximate cause, act or omission, or knowledge elements of negligent hiring of Borza; (2) malice; or (3) an express warranty of a right peacefully to occupy the apartment. The trial judge granted JPI's summary judgment motion without specifying grounds. The trial judge severed Turnage's claims against JPI from Turnage's claims against the other defendants.

## Discussion

### A. Unchallenged Ruling

Turnage does not challenge on appeal the 166a(i) summary judgment rendered against his claims for (1) breach of express and implied warranty; (2) negligent hiring, direction, and supervision; and (3) exemplary damages. Neither does he attack the 166a(c) summary judgment rendered against the first two claims. We thus affirm summary judgment rendered on all three of those claims. *See Garcia v. Nat'l Eligibility Express, Inc.,* 4 S.W.3d 887, 889 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

## B. Collateral Estoppel

In issue one, appellant claims collateral estoppel does not bar relitigation of probable cause.

 "A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *E.g., Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). "Application of collateral estoppel also involves considerations of fairness not encompassed by the 'full and fair opportunity' inquiry." *Id.* at 804. We follow the usual standard of review of a 166a(c) summary judgment motion rendered on an affirmative defense like this. *See* Tex.R. Civ. P. 166a(c); *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

### 1. Whether the Suspension Order was Final

 Turnage first argues that the ALJ's suspension order is not "final" and thus cannot estop him because the order was automatically rescinded by Turnage's later acquittal for attempting to disarm a peace officer. We disagree.

Chapter 724 of the Transportation Code applies because appellant's license was suspended for refusing to take a breathalyzer test. *See* Tex. Transp. Code Ann. § 724.002 (Vernon 1999). Chapter 724 provides that

> If a criminal charge arising from the same arrest as the suspension under this chapter results in an acquittal, the suspension under this chapter may not be imposed. If suspension under this chapter has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

Tex. Transp. Code Ann. § 724.048(c) (Vernon 1999). Turnage, however, was acquitted of attempting to disarm an officer, and the DWI charge against him was then dismissed. Turnage was *not* acquitted of DWI.

At the time applicable to this case, Chapter 724's license-suspension provisions applied only to one arrested for an offense involving the operation of a motor vehicle. *See id.* at § 724.002, *amended by* Act of May 16, 2001, 77th Leg., R.S., ch. 444, § 7, 77 Tex. Gen. Laws 877, 878 (amending section 724.002 to read, "The provisions of this chapter ... apply only to a person arrested for an offense involving the operation of a motor vehicle or watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above.") (effective Sept. 1, 2001). Disarming a peace officer is not an offense involving the operation of a motor vehicle. *See* Tex. Penal Code Ann. § 38.14(b) (Vernon Supp.2002) (defining the offense). Turnage cites no authority providing that an acquittal for an offense *not* involving the operation of a motor vehicle would trigger section 724.048(c), and we have found none.

The only published cases we have found discussing section 724.048(c) or its predecessors did so in the context of DWI prosecutions. *See Texas Dep't of Pub. Safety v. Stockton,* 53 S.W.3d 421, 423–24 (Tex. App.-San Antonio 2001, pet. denied); *Texas Dep't of Pub. Safety v. Norrell,* 968 S.W.2d 16, 18–19 (Tex.App.-Corpus Christi 1998, no pet.); *cf. Arnold v. State,* 920 S.W.2d 704, 714 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (in dicta and in different context: "Moreover, the suspension statute contains an 'innocent driver' defense.... Under [section 724.048(c)'s predecessor], if the DWI case results in

acquittal, a suspension shall not be imposed...."); *Ex parte Tharp*, 912 S.W.2d 887, 893 (Tex.App.-Fort Worth 1995) (in dicta and in different context, noting that section 724.048(c)'s predecessor "mandates that a suspension be expunged from the record of the driver if the driver is ultimately acquitted at trial of driving while intoxicated."), *aff'd*, 935 S.W.2d 157 (Tex. Crim.App.1996).

The Transportation Code incorporates the Code Construction Act,[1] which (1) allows us to consider the statute's object and the proposed construction's consequences and (2) creates a presumption that the legislature intended a just and reasonable result. TEX. GOV'T CODE ANN. §§ 311.021(3), 311.023(1), (5) (Vernon 1998). Turnage's construction would mean that a defendant acquitted of an offense completely unrelated to the objectives of the Transportation Code, such as assault, capital murder of a police officer, or, as here, disarming an officer, would receive as a benefit reinstatement of his driver's license and expunction of the license suspension. That is an absurd benefit to give to one acquitted of such crimes because being innocent of them does not imply one is fit to drive. Rescission and expunction make sense only as benefits of acquittal on traffic offenses arising "under this Chapter [724]." Such an interpretation takes into account the statute's object and achieves a reasonable result. *See* TEX. GOV'T CODE ANN. §§ 311.021(3), 311.023(1), (5).

■ In fact, the Texas Department of Public Safety (DPS) has now interpreted section 724.048(c) as we do here:

Upon notification that *a criminal charge under Texas Penal Code, § 49.04, § 49.07, § 49.08, or Texas Alcoholic Beverage Code, § 106.041*, has resulted in an acquittal, the department shall not impose a suspension arising out of the same conduct or transaction. If a suspension has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the defendant.

37 TEX. ADMIN. CODE § 17.13(a) (2001) (emphasis added).[2] The laws that Administrative Code section 17.13 refers to all concern intoxication offenses involving motor vehicles, aircraft, watercraft, or amusement rides. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.07, 49.08 (Vernon Supp.2002); TEX. ALCO. BEV.CODE ANN. § 106.041 (Vernon Supp.2002). The interpretation of a statute by the administrative agency charged with enforcing it is a factor courts consider when construing the same statute. *E.g., Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 21 (Tex.1996).

Put in the above context, the evolution of section 724.048(c)'s language supports our reading. The original statute provided that if a person

be found "not guilty" *of the offense of driving while under the influence of intoxicating liquor* or if *said cause* be dismissed, then the Director of the Texas Department of Public Safety shall in no case suspend such person's driver's license; or, in the event that proceedings had been instituted resulting in the suspension of such person's driver's license, then the Director of the Texas Department of Public Safety shall immediately reinstate such license upon notification of such acquittal or dismissal....

---

**1.** TEX. TRANSP. CODE ANN. § 1.002 (Vernon 1999).

**2.** Administrative Code section 17.13 applies to chapter 724 license suspensions. 37 TEX. ADMIN. CODE § 17.1 (2001).

Act of May 21, 1969, 61st Leg., R.S., ch. 434, 61 Tex. Gen. Laws 1468, 1469 (emphasis added). The same language was carried forward into the next amendment. Act of May 25, 1971, 62nd Leg., R.S., ch. 709, § 2, 62 Tex. Gen. Laws 2340, 2342. Although this "innocent driver" defense was removed altogether in 1983,[3] it was added back in 1993:

> Provided, that if a criminal charge *under Article 6701l 1, Revised Statutes, or Section 19.05(a)(2), Penal Code,* results in an acquittal, a suspension under this article shall not be imposed. If a suspension under this article has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving record of the individual.

Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 73 Tex. Gen. Laws 3515, 3526 (emphasis added). "Article 6701 *l* –1, Revised Statutes, or Section 19.05(a)(2), Penal Code" were the predecessors to those parts of current Penal Code chapter 49 concerning DWI, intoxication assault, and intoxication manslaughter, each of which involves operating a motor vehicle. *See* Tex. Penal Code Ann. §§ 49.04, 49.07, 49.08.

When the Transportation Code was enacted in 1995, it read in pertinent part as follows:

> Sec. 724.048 .... (c) If a criminal charge *under Chapter 49, Penal Code,*[4] results in an acquittal, a suspension under this chapter [724] may not be imposed. If a suspension under this chapter has already been imposed, the department shall rescind the suspension

and remove references to the suspension from the computerized driving record of the individual. (V.A.C.S. Art. 6701 *l* –5, Sec.2(r)).

Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 74 Tex. Gen. Laws 1025, 1825 (now codified, as amended, at Tex. Transp. Code Ann. § 724.048(c)). No substantive change was intended,[5] and none was made. Finally, section 724.048(c) was amended in 1997 to read as it has since the time it was applied to Turnage:

> If a criminal charge *arising from the same arrest as a suspension under this chapter* results in an acquittal, the suspension under this chapter may not be imposed. If suspension under this chapter has already been imposed, the department shall rescind the suspension and remove references to the suspension from the computerized driving records of the individual.

Act of June 1, 1997, 75th Leg., ch. 1013, § 36, 75 Tex. Gen. Laws 3686, 3699 (now codified at Tex. Transp. Code Ann. § 724.048(c)) (emphasis added).

In a vacuum, the emphasized, 1997 language could be read either as Turnage argues or as we hold today. But we do not interpret that language in a vacuum. Instead, given the Code's purpose, the rules of construction, the presumption that the legislature intended a reasonable result, and the DPS's interpretation of section 724.048(c), we hold that section 724.048(c) applies to acquittals of intoxication offenses involving operation of mo-

---

3. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 4, 68 Tex. Gen. Laws 1568, 1581.

4. Penal Code chapter 49 concerns "Intoxication and Alcoholic Beverage Offenses." Tex. Penal Code Ann. §§ 49.01–.11 (Vernon Supp.2002).

5. Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 74 Tex. Gen. Laws 1025, 1871 (so stating).

tor vehicles.[6] In this context, we do not believe the legislature intended the 1997 amendment substantively to alter the long-standing, consistent, and express meaning given previous versions of section 724.048(c) and its predecessors.

We overrule this argument under issue one.

### 2. Whether the Facts Were Fully and Fairly Litigated in the License Suspension Hearing

Turnage next contends the facts concerning reasonable suspicion and probable cause were not fully and fairly litigated because the administrative hearing (1) did not allow him full discovery; (2) had to be held quickly after notice of suspension was issued; and (3) was held before a judge, not a jury. Alternatively, Turnage argues applying collateral estoppel on these issues would be unfair.

■ "Collateral estoppel applies to administrative agency orders when the agency is 'acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" *Muckelroy v. Richardson Indep. Sch. Dist.,* 884 S.W.2d 825, 830 (Tex.App.-Dallas 1994, writ denied).[7]

■ Turnage does not argue that the ALJ was not acting in a judicial capacity, and we believe that she was by deciding disputed fact issues. Although extensive discovery is not allowed, and the license-suspension hearing is held relatively soon after the offense, we hold that Turnage had an "adequate opportunity to litigate" both probable cause and reasonable suspicion. Both parties to the revocation hearing were adversaries represented by counsel, each put on witnesses, and each cross-examined the other's witnesses thoroughly. *See Muckelroy,* 884 S.W.2d at 831 (holding collateral estoppel applied to agency's factual determination when the commissioner held full hearing, both parties were represented by counsel and were adversaries, and the parties had adequate opportunity to litigate the issue fully). The rules of evidence applied, limited pre-hearing discovery was allowed, third-party subpoenas were allowed, the proceedings were re-

6. Under the 2001 amendment to section 724.002, section 724.048(c) would also apply to acquittals of intoxication offenses involving operation of watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above. *See* Act of May 16, 2001, 77th Leg., R.S., ch. 444, § 7, 77 Tex. Gen. Laws 877, 878 (effective Sept. 1, 2001). We need not decide whether section 724.048(c) applies to intoxication offenses involving aircraft, other watercraft, or amusement rides. *See* 37 TEX. ADMIN. CODE § 17.13(a) (2001) (including these offenses by referencing TEX. PENAL CODE ANN. §§ 49.07, 49.08 (Vernon Supp.2002)). Even if the section applies in these three situations, that does not affect the outcome of this case.

7. *Accord Cianci v. M. Till, Inc.,* 34 S.W.3d 327, 330 (Tex.App.-Eastland 2000, no pet.); *Bryant v. L.H. Moore Canning Co.,* 509 S.W.2d 432, 434 (Tex.Civ.App.-Corpus Christi 1974, no writ), *cert. denied,* 419 U.S. 845, 95 S.Ct.

79, 42 L.Ed.2d 74 (1974); *see also Coalition of Cities for Affordable Util. Rates v. Pub. Util. Comm'n of Texas,* 798 S.W.2d 560, 563–65 (Tex.1990) (applying collateral estoppel to historical fact issues determined at administrative hearing); *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966) ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."); *Univ. of Tennessee v. Elliott,* 478 U.S. 788, 797–98, 106 S.Ct. 3220, 3225–26, 92 L.Ed.2d 635 (1986) (citing *Utah Constr. & Mining,* concerning collateral estoppel); *Ex parte Tarver,* 695 S.W.2d 344, 353 (Tex.App.-Houston [1st Dist.] 1985) (concluding collateral estoppel effect of probation revocation barred related criminal prosecution), *aff'd,* 725 S.W.2d 195, 198–99 (Tex. Crim.App.1986).

corded, they were open to the public, the preponderance-of-the-evidence standard applied, and Turnage had the right to appeal, but did not.[8] Turnage did not explain here or below what witnesses he would have called had he had more discovery or time in the license-revocation hearing. Accordingly, we hold Turnage had an "adequate opportunity to litigate" reasonable suspicion and probable cause. We further hold that nothing makes the application of collateral estoppel under these circumstances unfair.

Accordingly, we overrule this challenge under issue one.

We affirm the judgment.

The discussion of the remaining issues does not meet the criteria for publication. *See* Tex.R.App. P. 47.4. Accordingly, the remainder of the opinion is not designated for publication. *See id.*

---

**8.** *See* Tex. Transp. Code Ann. § 724.003 (Vernon 1999) (ordering promulgation of rules for license-revocation hearings); *id.* at § 724.041 (providing for hearing and its recording); *id.* at § 724.047 (incorporating Transportation Code cha. 524 on appeals); *id.* at § 524.041 (appeal from hearing); *id.* at § 524.043 (allowing additional evidence to be taken upon appeal, at judge's trial discretion and under proper circumstances); *id.* at § 524.044 (allowing party to obtain hearing's transcript for appeal); 1 Tex. Admin. Code § 159.1(c) (2001) (Administrative Procedure Act applicable, unless conflict exists); *id.* at § 159.13(1)-(5) (allowing defendant to have the following prehearing discovery: (1) inspection and copying of department's non-privileged documents and records, with requirement that department supplement all discovery responses and with exclusionary rule if defendant is harmed because of non-disclosure, and (2) subpoena duces tecum for third parties); *id.* at § 159.17 (allowing issuance of subpoenas or subpoenas duces tecum); *id.* at § 159.23 (Administrative Procedure Act's provisions apply, unless they

conflict with the TAC regulations; rules of evidence applicable to non-jury trials apply; witnesses testify under oath; officer's report is admissible, unless officer does not show for hearing after being subpoenaed; hearing is tape recorded); *id.* at § 159.19(c) (preponderance of evidence burden on department); *id.* at § 159.29(a) (same); *id.* at § 159.35 (hearing generally open to the public); *id.* at § 159.37 (providing for appeal, including allowing additional evidence to be taken at judge's trial discretion and under proper circumstances).