Opinion issued April 23, 2009















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00132-CV

____________


DUSTIN MITCHELL, Appellant


V.


VERIZON BUSINESS NETWORK SERVICES, INC. AND VERIZON
BUSINESS PURCHASING, INC. F/K/A MCI, INC., Appellees






On Appeal from County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 867588





 

 MEMORANDUM OPINION

 Appellant, Dustin Mitchell, appeals from the trial court's rendering summary
judgment in favor of appellees, Verizon Business Network Services, Inc. and Verizon
Business Purchasing, Inc. f/k/a MCI, Inc. (collectively "Verizon"). The trial court 
granted Verizon's motion for summary judgment on the ground that Mitchell's
previous claim with the Texas Workforce Commission was res judicata of his claims
for unpaid commissions in this lawsuit. In two issues, Mitchell contends his 
previous administrative claim should not be given preclusive effect because he was
not given an opportunity to fully and fairly litigate his claims and because the manner
in which the Texas Workforce Commission hearing officer conducted the hearing
deprived him of procedural due process. We conclude Mitchell's earlier claim is res
judicata of his instant suit and he waived his claim concerning procedural due process
by failing to raise it in opposition to Verizon's summary judgment in the trial court. 
We therefore affirm.Background

 Mitchell worked for Verizon from January 2001 to October 2004. Mitchell
received a base salary, plus a commission based on his net monthly sales and in
accordance with a written compensation plan. Under the terms of the plan, the sales
of certain products were capped at 50 percent of Mitchell's monthly net sales quota. 
In the spring of 2004, Mitchell made several sales to Gexa Energy, Inc. Mitchell was
responsible for entering information related to his sales into Verizon's software
system. Verizon calculated Mitchell's commissions from the information entered into
the system.

 Mitchell entered the wrong product code for the Gexa sales. The product code
used by Mitchell subjected the sales to the 50 percent cap. As Mitchell's sale went
through Verizon's internal procedures for fulfilling and implementing the sale,
another employee, David Zinniel, reviewed the order and changed the product code. 
The new product code was not subject to the cap. Verizon treated the Gexa sales as
a sale of a capped product, despite Zinniel's change to a product code not subject to
the cap. In accordance with the compensation plan, Mitchell filed a written dispute
of the amount of his commissions on the Gexa sale. Verizon refused to exempt the
Gexa sales from the 50 percent cap. As a result, Mitchell resigned.

 Mitchell filed a wage claim with the Texas Workforce Commission, seeking
$29,248.96 in unpaid commissions. The Commission issued a Preliminary Wage
Determination Order dismissing Mitchell's claim. The order states, "[Verizon's]
bonus agreement provides that bonuses will be provided on a discretionary basis. 
Therefore, [Verizon] is not obligated to provide the bonus amount." 

 Mitchell appealed the order and the Commission assigned a hearing officer. 
An administrative hearing was held over the telephone on February 10, 2005. 
Verizon was represented by counsel, but Mitchell chose to appear on his own behalf. 
During the hearing, the hearing officer limited testimony concerning the correct
product code for the Gexa sales and whether they were, in fact, subject to the 50
percent cap. For example, when Mitchell began cross-examining Verizon's
representative, the hearing officer stopped the questioning and the following
exchange occurred,

 HEARING OFFICER: Okay. Mr. Mitchell, I'm going to limit your
questions to the issue of the company's
discretion in its compensation plan. The
hearing officer is not going to allow you to
develop the record on the specifics and details
of these transactions. Do you have any
questions for the company about the
compensation plan, the retaining of
discretion, et cetera?


 MITCHELL: No, ma'am, I do not. Thank you.


 On February 11, 2005, the Commission mailed its decision to the parties. The
hearing officer made several findings of fact, including that "[t]he written
compensation plan includes a provision by which the company retained discretion in
all compensation and commission matters." The hearing officer concluded, "Because
the written compensation plan included a provision by which the company
specifically retained discretion in all commission matters, I must find that the Texas
Workforce Commission does not have the authority to order payment of the
commission claimed. The determination order must be affirmed." The order includes
an information sheet informing the parties of their rights to seek a rehearing or
judicial review of the decision. The sheet references section 61.062 of the Labor
Code (1) and specifically states a court action to appeal the order "must be filed not later
than the 30th day after the date the final order was mailed." Mitchell did not seek a
rehearing or judicial review. Instead, Mitchell filed this suit on June 26, 2006, for the
same $29,248.96 in unpaid commissions related to the sales to Gexa in 2004 that
were the subject of the Commissions's final order. 

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a
summary judgment, we must indulge every reasonable inference in favor of the
nonmovant, take all evidence favorable to the nonmovant as true, and resolve any
doubts in favor of the nonmovant. Valence Operating Co., 164 S.W.3d at 661.

Adequate Opportunity to Litigate

 In his first issue, Mitchell contends the trial court erred by granting summary
judgment because the order from the Texas Workforce Commission was not a final
order for the purposes of res judicata. Specifically, Mitchell contends the
Commission's order should not be given preclusive effect because he was not
afforded an "adequate opportunity to litigate the ultimate facts in dispute."

 "When an administrative agency is acting in a judicial capacity and resolve[s]
disputed issues of fact properly before it which the parties have had an adequate
opportunity to litigate, the courts have not hesitated to apply res judicata to enforce
repose." Igal v. Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86-87 (Tex.
2008) (quoting United States v. Utah Const. & Mining Co., 384 U.S. 394, 422, 86 S.
Ct. 1545, 1560 (1966)). The Texas Supreme Court, in discussing a wage claim like
the one at issue in this case, stated that res judicata "will generally apply to final TWC
orders." Id. at 87. A person claiming relief for a wage dispute may pursue either an
administrative remedy before the Commission or a common-law remedy in court. See
id. Once the claimant has chosen the administrative remedies available under the
Labor Code and pursues the claim to a final decision, he is barred from bringing his
common-law claims. Id. at 88. "To pursue a common law remedy for the same
wages as sought in his [administrative] claim, a claimant must withdraw his
administrative claim before the agency issues a final decision." Id. at 88-89; see also
Tricon Tool & Supply, Inc. v. Thumann, 226 S.W.3d 494, 512-13 (Tex.
App.--Houston [1st Dist.] 2006, pet. denied) (holding claimant's suit for common-law claim to unpaid wages barred by res judicata when he failed to withdraw
administrative claim before agency decision became final). 

 Here, it is undisputed that Mitchell pursued an administrative claim and did not
withdraw that claim before the Commission issued a final order. However, Mitchell
contends res judicata should not bar his suit because he did not have "an adequate
opportunity to litigate" before the Commission. See Igal, 250 S.W.3d at 86-87. 
Mitchell contends the manner in which the hearing officer conducted the hearing
denied him a meaningful opportunity to confront and cross-examine adverse
witnesses and to examine and rebut all the evidence. 

 First, Mitchell contrasts this case with the discussion in this Court's opinion
in Turnage v. JPI Multifamily, Inc., 64 S.W.3d 614 (Tex. App.--Houston [1st Dist.]
2001, no pet.). In that case, this Court stated the parties had an adequate opportunity
to litigate the issues because "[b]oth parties to the revocation hearing were
adversaries represented by counsel, each put on witnesses, and each cross-examined
the other's witnesses thoroughly." Turnage, 64 S.W.3d at 620. Mitchell asserts that,
because the hearing officer decided his wage claim on the basis of the discretion
retained by Verizon, rather than on whether the product sold to Gexa was subject to
the cap or not, and the hearing officer limited examination of witnesses to the issue
of Verizon's discretion, he was not given a chance to "thoroughly" cross-examine the
witnesses. See id. 

 Mitchell does not contend that the administrative procedure before the
Commission is unfair or denied him an adequate opportunity to litigate, but rather
Mitchell asserts the hearing officer in this particular hearing erroneously determined
the meaning of the contract and limited the hearing accordingly. Mitchell contends
that the ultimate fact in dispute, which the hearing officer did not determine or allow
Mitchell to litigate, is whether the Gexa sales were in fact subject to the 50-percent
cap. However, if Mitchell felt the hearing officer was incorrect in her interpretation
of Verizon's compensation agreement, he had a remedy--seek judicial review of the
order he contends is erroneous. Tex. Lab. Code Ann. § 61.062. Mitchell did not do
so. Under the clear precedents of this Court and the Texas Supreme Court, Mitchell,
having instituted an administrative claim for unpaid wages and having allowed that
claim to result in a final order, is precluded from bringing this common-law suit for
payment of the same wages. See Igal, 250 S.W.3d at 88-89; Tricon, 226 S.W.3d at
511. 

 Second, Mitchell quotes from another opinion of this Court concerning due
process and an agency's decision.

 "An administrative decision is generally not arbitrary and capricious if
it is supported by substantial evidence." "However instances may arise
in which the agency's action is supported by substantial evidence, but
is arbitrary and capricious nonetheless. One such instance is when a
denial of due process has resulted in the prejudice of substantial rights
of a litigant." As Texas courts have held, the agency decision must be
remanded if the court concludes that "the agency has not actually taken
a hard look at the salient problems and has not genuinely engaged in
reasoned decision-making."


Webworld Mktg. Group, L.L.C. v. Thomas, 249 S.W.3d 19, 25 (Tex. App.--Houston
[1st Dist.] 2007, no pet.) (internal citations omitted). Specifically, Mitchell contends
that because the hearing officer decided the case on the basis of Verizon's discretion,
the hearing officer did not "actually take[] a hard look at the salient problems." See
id. The Labor Code's section providing for "Judicial Review" of the Commission's
decision provides for "trial de novo with the substantial evidence rule being the
standard of review." Tex. Lab. Code Ann. § 61.062(e). But Mitchell failed to file
an appeal of the Commission's decision under section 61.063, after obtaining a final
decision from the Commission on the merits of his dispute. He cannot now
collaterally attack the Commission's decision after failing to seek judicial review
under section 61.062(e). See Igal, 250 S.W.3d at 88. Moreover, Mitchell shows only
his disagreement with the basis for the Commission's decision, but fails to show the
Commission did not engage in genuinely reasoned decision making. See Thomas,
249 S.W.3d at 25. 

 We hold Mitchell may not bring a common-law claim for the same wages he
pursued to a final decision in his administrative claim before the Commission. We
overrule Mitchell's first issue.

Procedural Due Process

 In his second issue, Mitchell makes an argument similar to that in his first
issue, asserting that the trial court erred by granting summary judgment for Verizon
because the order from the Commission was void for failure to afford Mitchell
procedural due process.

 However, Mitchell's argument that his constitutional right to procedural due
process was violated is asserted for the first time on appeal. He did not raise this as
a ground opposing Verizon's motion for summary judgment in the trial court. We
therefore may not consider it on appeal. See Tex. R. Civ. P. 166a(c) ("Issues not
expressly presented to the trial court by written motion, answer or other response
shall not be considered on appeal as grounds for reversal."); Rayl v. Borger Econ.
Dev. Corp., 963 S.W.2d 109, 114 (Tex. App.--Amarillo 1998, no pet.) (holding party
may not appeal summary judgment in favor of opponent when grounds opposing
summary judgment were not raised before trial court); see also Jacobs v. Satterwhite,
65 S.W.3d 653, 655 (Tex. 2001) (holding appellate court may not reverse judgment
on grounds not raised and argued on appeal). The rules for preservation of issues for
appeal apply to constitutional arguments. See In re L.M.I., 119 S.W.3d 707, 711
(Tex. 2003).

 We overrule Mitchell's second issue.Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.
1. Section 61.062 of the Labor Code, "Judicial Review," provides, 


 (a) A party who has exhausted the party's administrative remedies under this
chapter, other than a motion for rehearing, may bring a suit to appeal the order.


 (b) The suit must be filed not later than the 30th day after the date the final order
is mailed.


 (c) The commission and any other party to the proceeding before the commission
must be made defendants in the suit.


 (d) The suit must be brought in the county of the claimant's residence. If the
claimant is not a resident of this state, the suit must be brought in the county
in this state in which the employer has its principal place of business.


 (e) An appeal under this subchapter is by trial de novo with the substantial
evidence rule being the standard of review in the manner as applied to an
appeal from a final decision under Subtitle A, Title 4. 


 Tex. Lab. Code Ann. § 61.062 (Vernon 2006).