Opinion issued January 13, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00806-CV

————————————

**RODRICK DOW D/B/A RODRICK DOW P.C., Appellant**

**V.**

**RUBY D. STEWARD, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 977557**

---

**MEMORANDUM OPINION**

Rodrick Dow *d/b/a* Rodrick Dow, P.C. ("Dow"), a certified public accountant, sued Ruby D. Steward to recover $12,000 in unpaid fees for accounting services. Steward moved for summary judgment on her affirmative

defenses of res judicata and collateral estoppel, arguing that Dow could not prevail on his suit because the Texas Board of Public Accountancy ("the Board") had reprimanded Dow based on his conduct while representing Steward. The trial court rendered summary judgment in favor of Steward. On appeal, Dow argues that (1) the trial court's summary judgment ruling is contrary to the evidence, and (2) the trial court erroneously refused to allow Dow's expert witnesses to testify.

We affirm.

## Background

In September 2006, Steward, who owned several properties in the Houston area that she had, at one point, used as rental properties, received notice from the Internal Revenue Service ("IRS") that it intended to audit her 2004 tax return. She hired Dow to represent her before the IRS. As a result of the audit, Steward had to pay the IRS $887. Steward subsequently filed a complaint against Dow with the Texas Board of Public Accountancy, alleging that Dow had failed to perform the professional services for which she had hired him.

While the administrative proceeding against Dow was pending before the Board, Dow filed the underlying suit against Steward in the Harris County district court for breach of contract and quantum meruit, seeking recovery of $12,000 in fees for accounting services rendered to Steward. Steward answered and asserted

counter-claims against Dow for breach of fiduciary duty, failure to represent, invasion of privacy, and fraud.

Dow moved for summary judgment on his breach of contract claim. He argued,

> Defendant Ruby Steward hired Plaintiff Rodrick Dow to represent her in a matter before the Internal Revenue Service, hereinafter referred to as IRS. Please see exhibit 1. Plaintiff Rodrick Dow represented Defendant Ruby Steward before the IRS. Please see exhibit 2, IRS' ["]Case History", which shows that Plaintiff Rodrick Dow represented Defendant Ruby Steward before the IRS. In the IRS' Case History report, POA is Power of Attorney, which is Rodrick Dow. Ruby Steward refused to pay a properly submitted invoice. Please see exhibit 3.

As summary judgment evidence, Dow attached his contract with Steward, an IRS "Case History Report" that listed the actions that occurred during the audit of Steward's 2004 tax return, and a copy of Steward's unpaid invoice, reflecting that she owed Dow $12,000.

Steward filed a cross motion for summary judgment on both Dow's and her own claims. In this motion, Steward detailed Dow's actions and omissions during his representation of her before the IRS. Steward argued that she ought to prevail on her affirmative defenses of failure to perform a condition precedent, res judicata, collateral estoppel, and accord and satisfaction. She pointed out that, in July 2012, the Board "issued to [Dow] a reprimand and suspension, which is stayed and probated for two years, with [Dow] required to attend additional hours

3

of continuing professional development and pay an administrative penalty" due to Dow's conduct in representing her. She argued that res judicata and collateral estoppel should bar Dow's breach of contract claim because Dow had "the opportunity to prove a fact issue with respect to a disputed contract amount during his hearing before the Texas Board of Public Accountancy, an adversarial proceeding before a tribunal of competent jurisdiction."

Steward attached the Board's order and proposal for decision. In that proceeding, the administrative law judge considered testimony regarding Dow's representation of Steward and ultimately concluded that Dow breached his duty of professional care to Steward. The Board adopted the administrative law judge's conclusions, reprimanded Dow, suspended him, although it probated his suspension for two years, and ordered Dow to complete additional hours of continuing professional education and to pay an administrative penalty and administrative costs.

Dow responded to Steward's summary judgment motion. He argued that he had satisfactorily represented Steward before the IRS, but he did not attach any further summary judgment evidence to this response.

In reply, Steward argued:

[Dow] does not refute the totality and specificity of the evidence from the Texas Board of Public Accountancy that found [him] to have violated his fiduciary duty as power of attorney, his professional duty of care, or the underlying fact that he failed to perform the conditions

4

> of his engagement with [Steward], all of which explicitly prove [Steward's] affirmative defenses and her case against [Dow]. [Steward's] Cross-Motion for Summary Judgment is completely valid and supported by the weight of facts and law, which stands in stark contrast to [Dow's] frivolous and baseless suit, which itself is brought in bad faith and for the purpose of harassment given [Steward's] grievance to the Texas Board of Public Accountancy.

Steward contended that no fact issues existed and that the trial court should grant her cross-motion for summary judgment. Steward then filed an amended motion for summary judgment, and she attached evidence reflecting that she had incurred $14,966 in attorney's fees.

The day before the summary judgment hearing, Dow responded to Steward's amended summary judgment motion, arguing that he had "correctly completed [Steward's] tax return and provided excellent IRS representation during [Steward's] IRS Audit." Dow attached letters from two CPAs and affidavits from two Enrolled Agents, all of whom stated "that the tax return was done correctly and the IRS Representation was excellent." Dow also pointed out that he had appealed the Board's order against him to the district court in Travis County. The record does not reflect that Dow obtained leave of court for this late-filed response.

The trial court signed an order denying Dow's summary judgment motion and granting Steward's cross summary judgment motion. The trial court then signed a final judgment in which it awarded Steward $10,829 in attorney's fees, $900 for unjust enrichment, and $887, which represented the amount Steward had

been required to pay the IRS as a result of the audit. The trial court also rendered a take-nothing judgment against Dow on his breach of contract claim. This appeal followed.

## Summary Judgment

Although Dow, in his appellate brief, states six issues in his "Issues Presented" section, he only presents argument on two of them: (1) the trial court's summary judgment ruling is contrary to the evidence; and (2) the trial court erroneously refused to allow Dow's expert witnesses to testify.[1]

### A. Standard of Review

When both parties move for summary judgment and the trial court grants one motion and denies the other, we review both parties' summary judgment evidence and determine all questions presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Each party bears the burden of establishing that it is

---

[1] Dow states his six issues presented as follows: (1) "[w]hether Appellant performed duties Appellee hired Appellant to perform"; (2) "[w]hether Appellant did anything to cost Appellee any monetary harm"; (3) "[w]hether Attorney fees granted were excessive"; (4) "[w]hether the evidence presented by Appellant should have been allowed into evidence by the trial court"; (5) "[w]hether Trial Judge should have allowed Appellant to speak in court"; and (6) "[w]hether the evidence presented was sufficient to uphold a summary judgment." To the extent Dow raises issues in his appellate brief but does not provide any argument, authorities, or record cites to support his contentions, we hold that he has not adequately briefed those issues. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

6

entitled to judgment as a matter of law. *City of Santa Fe v. Boudreaux*, 256 S.W.3d 819, 822 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also* TEX. R. CIV. P. 166a(c) ("The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response."). If we determine that the trial court erred, we render the judgment that the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661; *FM Props.*, 22 S.W.3d at 872.

If the trial court's order does not specify the grounds for its summary judgment ruling, we affirm the ruling if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a party presents multiple grounds for summary judgment and the order does not specify the ground on which the trial court rendered summary judgment, the appellant must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)); *see also Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment."). "If summary

judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898.

### B. Propriety of Summary Judgment Ruling

Here, in her cross-motion for summary judgment, Steward argued that three affirmative defenses precluded summary judgment in Dow's favor on his cause of action for breach of contract: (1) Dow's failure to perform a condition precedent, specifically, his failure to adequately represent Steward before the IRS; (2) res judicata and collateral estoppel as a result of the administrative proceeding before the Board in which the Board reprimanded Dow, probated a suspension, and required him to pay administrative penalties as a result of his representation of Steward; and (3) accord and satisfaction.

The trial court's order granting Steward's cross-motion for summary judgment and denying Dow's summary judgment motion does not state the basis for the court's summary judgment ruling. Dow does not challenge any of these three grounds on appeal. We therefore conclude that because Dow has not negated all possible grounds for the trial court's summary judgment ruling on appeal, we must affirm the trial court's ruling. *See Britton*, 95 S.W.3d at 681; *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment [of error on appeal] that

the trial court erred in granting summary judgment."); *Ellis*, 68 S.W.3d at 898 (noting, in affirming summary judgment when appellant did not challenge on appeal both grounds presented to trial court, that appellant had not "asserted a general point of error that the trial court erred in rendering summary judgment against him").

To the extent that Dow's argument on appeal that the evidence presented was not sufficient to support the trial court's summary judgment ruling can be construed as a general assignment of error on appeal, we hold that the trial court's summary judgment ruling can be supported on collateral estoppel grounds.

A party seeking to assert collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Turnage v. JPI Multifamily, Inc.*, 64 S.W.3d 614, 617 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)). Collateral estoppel applies to administrative agency orders "when the agency is 'acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'" *Id.* at 620 (quoting *Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 830 (Tex. App.— Dallas 1994, writ denied)).

Here, after the IRS audited Steward's 2004 tax return, Steward filed a complaint against Dow with the Board concerning his representation of her before the IRS. The parties both participated and submitted extensive evidence in a contested case hearing before an administrative law judge. The administrative law judge ultimately concluded that Dow breached his duty of professional care in representing Steward. The Board issued an order adopting the administrative law judge's findings of fact and conclusions of law, and, based on those findings and conclusions, it reprimanded Dow, placed him on probated suspension for two years, ordered him to complete additional continuing education, and required him to pay administrative penalties and costs. Thus, the agency, acting in a judicial capacity, already resolved issues concerning the adequacy of Dow's representation of Steward.

Assuming that Dow properly preserved a general assignment of error in the trial court's judgment in favor of Steward, we conclude that the trial court could have properly rendered summary judgment in favor of Steward based on collateral estoppel grounds. *See Turnage*, 64 S.W.3d at 617.

### C. Erroneous Exclusion of Evidence

Dow also argues that the trial court erroneously refused to allow his supporting expert witnesses to testify.

We first note that trial courts are not to receive oral testimony during hearings on summary judgment motions. *See* TEX. R. CIV. P. 166a(c) ("No oral testimony shall be received at the [summary judgment] hearing."); *Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 134 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Trial courts are not to receive oral testimony during summary-judgment hearings."); *see also Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (stating same). The trial court, therefore, did not err in refusing to allow Dow's experts to testify at the summary judgment hearing.

We now consider whether the trial court erred in refusing to consider letters and affidavits from Dow's experts, two CPAs and two Enrolled Agents, all of whom stated that they had reviewed Dow's work in representing Steward and that Dow prepared Steward's 2004 tax return correctly and provided "excellent" representation. Dow attached these letters and affidavits as summary judgment evidence to his response to Steward's amended summary judgment motion.

Rule 166a(c) provides, "Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c); *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet. dism'd). "Rule 166a(c) 'specifically places the burden on the [respondent] to obtain leave of court to file a late response.'" *Neimes*, 985 S.W.2d at 138. If a party wishes to have his late-

11

filed response considered, he is required to obtain the trial court's permission to file it late. *Id.* at 139. If the record does not contain an indication that the trial court considered a late-filed response, "we must presume the trial court did not consider it and we must do likewise." *Id.* at 138; *see Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) ("There is no order in this record granting the Crowders leave to file McCool's affidavit late. McCool's affidavit was not properly before the trial court on the motions for summary judgment."); *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985) ("Bryant's response to INA's motion for summary judgment was not timely filed, and nothing appears of record to indicate that the late filing was with leave of court. Therefore, we must presume that the trial court did not consider it in rendering a take nothing judgment in favor of INA.").

Dow filed his response and the summary judgment evidence from his experts on February 14, 2013, one day before the hearing on the summary judgment motions. Thus, he did not timely file this evidence. *See* TEX. R. CIV. P. 166a(c); *Neimes*, 985 S.W.2d at 138. There is no indication in the record that Dow obtained leave of court to file this late response. The trial court's summary judgment order does not recite that it considered late-filed evidence. Because the record does not indicate that the trial court granted leave to late-file this evidence or that the trial court considered the evidence in rendering summary judgment, we

presume that the trial court did not consider the evidence. *See Neimes*, 985 S.W.2d at 138; *see also BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 509 (Tex. App.—San Antonio 2013, pet. denied) ("If a response is filed late, we presume the trial court did not consider it unless there is an affirmative indication in the record that the trial court granted leave to file the response."). Dow, as the party late-filing summary judgment evidence, had the responsibility to obtain permission from the trial court if he wished to have the court consider his late-filed evidence. *See Neimes*, 985 S.W.2d at 139. Because Dow did not obtain permission to late-file his evidence, the evidence was not properly before the trial court, and the trial court did not err in refusing to consider the evidence. *See Benchmark Bank*, 919 S.W.2d at 663.

We hold that the trial court properly granted Steward's cross-motion for summary judgment.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

13