Michele CIANCI, Appellant,

v.

M. TILL, INC. d/b/a Cherokee Country Club, Appellee.

No. 11–00–00089–CV.

Court of Appeals of Texas, Eastland.

Oct. 26, 2000.

Thomas N. Thurlow, Thomas N. Thurlow & Associates, Pearson Grimes, Jonathan Scott Stoger, Houston, Tommy Warford, Turner, Seaberry & Warford, Eastland, Sandra K. Williams, Handlin & Associates, Houston, for appellant.

David K. Morgan, Doug Garwood & Associates, Houston, Frank Anthony Knight, Baytown, Spencer Markle, Chad M. Forbes, Markle, Ramos & Zito, Houston, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

Michele Cianci sued M. Till, Inc. d/b/a Cherokee Country Club (Till) under the Dram Shop Act[1] for injuries she received when Michael Dee Bonin drove while intoxicated and collided with her car. Bonin patronized Till's bar, the Cherokee Country Club, on the night in question. Till moved for a traditional summary judgment, contending that it had established the "safe harbor" defense as a matter of law.[2] Till also moved for a "no evidence" summary judgment on the ground that there was no evidence that it had violated the Dram Shop Act. Cianci appeals the trial court's summary judgment in favor of Till. We reverse and remand.

---

1. TEX. ALCO. BEV. CODE ANN. § 2.01 et seq. (Vernon 1995).

2. TEX. ALCO. BEV. CODE ANN. § 106.14(a) (Vernon Supp.2000).

## Standards of Review

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). A court properly grants summary judgment in favor of a defendant if the defendant either establishes all elements of an affirmative defense or disproves at least one element of the plaintiff's case. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes his right to a summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a traditional summary judgment, we take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell, supra* at 425; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

We review evidence presented in opposition to a no-evidence motion for summary judgment just as we do evidence offered in support of, or in response to, a traditional motion for summary judgment: we accept as true evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 619 (Tex. App.—Eastland 2000, pet'n filed); see *American Tobacco Company, Inc. v. Grinnell, supra*; *Nixon v. Mr. Property Management Company, Inc., supra*. We review, however, only evidence presented by the non-movant. TEX.R.CIV.P. 166a(i); *Hight v. Dublin Veterinary Clinic, supra* at 618–19. The trial court cannot grant a no-evidence summary judgment if the non-movant presents some evidence on the disputed element. Rule 166a(i). "Some evidence" means more than a scintilla. *Hight v. Dublin Veterinary Clinic, supra*; *Denton v. Big Spring Hospital Corporation*, 998 S.W.2d 294, 298 (Tex.App.—Eastland 1999, no pet'n); see *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706 (Tex.1997).

Because the order of the trial court does not specify the grounds for its summary judgment ruling, Cianci must defeat each summary judgment ground urged by Till. *State Farm Fire & Casualty Company v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Cianci argues that the summary judgment must be reversed because Till did not establish its safe harbor defense as a matter of law and because she presented more than a scintilla of evidence that Till provided alcohol to Bonin when it was apparent that Bonin was "obviously intoxicated to the extent that he presented a clear danger to himself and others." See Section 2.02(b)(1).

## Safe Harbor Defense

Section 106.14(a) provides that actions of an employee that violate the Dram Shop Act are not attributable to the employer if: (1) the employer required its employees to attend a Texas Alcoholic Beverage Commission (TABC) approved "seller training program;" (2) the employee actually attended the program; and (3) the employer did not directly or indirectly encourage the employee to violate the Act. Section 106.14(a), otherwise known as the "safe harbor" provision, is an affirmative defense to a claim under the Act. See *Perseus, Inc. v. Canody*, 995 S.W.2d 202, 207 (Tex.App.—San Antonio 1999, no pet'n h.); *Gonzalez v. South Dallas Club*, 951 S.W.2d 72, 76–77 (Tex.App.—Corpus Christi 1997, no pet'n); *Pena v. Neal, Inc.*, 901 S.W.2d 663, 667 (Tex.App.—San Antonio 1995, writ den'd). Affirmative defenses must be pleaded. TEX.R.CIV.P. 94. If a defendant relies on an unpleaded affirmative defense to support a motion for

summary judgment, the non-movant must object in her response to that ground for summary judgment in order to avoid trying the issue by consent. If the non-movant does not object, the trial court may properly grant summary judgment on a conclusively-established, yet unpleaded, affirmative defense. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). Cianci failed to object to Till's reliance on the unpleaded safe harbor defense; thus, the trial court could grant summary judgment on the defense if the summary judgment proof conclusively established it.

Till moved for traditional summary judgment, contending that it had established the safe harbor defense as a matter of law. First, Till argued that its answer to one of Cianci's interrogatories conclusively established the defense. Second, Till argued that a TABC "Waiver Order" finding that Till had complied with the requirements of Section 106.14(a) collaterally estopped Cianci from relitigating the safe harbor defense. Neither of Till's grounds supports the summary judgment.

■ Cianci's first issue is that the trial court erred in allowing Till to use its own response to Cianci's interrogatories as summary judgment evidence. Answers to interrogatories may only be used as evidence against the party that made them. TEX.R.CIV.P. 197.3; *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex.1998) (decided under former TEX.R.CIV.P. 168(2), repealed; now Rule 197.3). Thus, Till could not use its response to Cianci's interrogatory to establish its safe harbor defense, and the trial court could not properly consider the answer as proof to support Till's motion. Moreover, Cianci presented deposition testimony from Alicia Serrano, who worked as a server at the Cherokee Country Club from April 9, 1998, to August 24, 1998. Serrano testified that the manager of the Cherokee Country Club told her to keep serving alcohol to obviously intoxicated people until "he made his decision on whether they needed to be served or not."

This raised a fact issue as to whether Till directly or indirectly encouraged its employees to serve intoxicated people. See Section 106.14(a)(3). We sustain Cianci's first issue.

Cianci argues in her second issue that the TABC "Waiver Order" was not properly authenticated to constitute competent summary judgment proof and, thus, could not be used as a basis for collateral estoppel. We need not reach her second issue, however, because of our disposition of Cianci's fourth issue. See TEX.R.APP.P. 47.1. Her fourth issue asserts that the trial court could not rely on collateral estoppel to find that Till had established the safe harbor defense because she was not a party to the TABC waiver order and because the issue was not fully litigated.

■ The doctrine of collateral estoppel or issue preclusion can be based on an administrative decision if the "administrative agency [acted] in a judicial capacity and resolve[d] disputed issues of fact properly before it which the parties [had] an adequate opportunity to litigate." *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); *Muckelroy v. Richardson Independent School District*, 884 S.W.2d 825, 830 (Tex.App.—Dallas 1994, writ den'd); *Bryant v. L.H. Moore Canning Co.*, 509 S.W.2d 432, 434 (Tex.Civ.App.—Corpus Christi 1974), *cert. den'd sub nom., Pope v. Texas*, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974). The waiver order does not meet those criteria.

■ Till submitted not only the waiver order as summary judgment proof but also an "Agreement and Waiver of Hearing" before the TABC signed by Till's lawyer. The agreement and waiver recites, in pertinent part, that Till, "without admitting the violation described herein occurred, waives hearing in the matter, and accepts the findings of fact and conclusions of law made below." The TABC found that Till complied with the safe harbor requirements of Section 106.14(a). Cianci was not

a party to the TABC proceeding against Till. She did not have "an adequate opportunity to litigate" the safe harbor issue before the TABC. Collateral estoppel does not operate through the waiver order to establish conclusively Till's affirmative defense. We sustain Cianci's fourth issue.

Till was not entitled to a traditional summary judgment on its affirmative defense under Section 106.14(a). The trial court erred if that was the basis for its summary judgment.

### Evidence of an Apparent and Obvious Intoxication

A violation of the Dram Shop Act occurs when a provider of alcohol sells, serves, or provides alcohol to an obviously intoxicated person after the person's intoxication becomes apparent to the provider and when that person's intoxication was a proximate cause of the damages suffered. Section 2.02(b)(1). Till argues that Cianci must produce direct evidence that Bonin's condition was apparent to its employees and that its employees continued to serve Bonin when he was obviously intoxicated. Cianci argues that her summary judgment proof constitutes more than a scintilla of circumstantial evidence that Till provided alcohol to Bonin even though it was apparent to Till that Bonin was obviously intoxicated.

Any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex.1993); *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972, 975 (1951); *Perseus, Inc. v. Canody, supra* at 207; *Pena v. Neal, Inc., supra* at 671. The court in *Perseus, Inc.* rejected the defendant's argument that direct evidence was necessary to prove that a person's obvious intoxication was apparent to the defendant when the defendant served him alcohol. The court held that circumstantial evidence was sufficient to

uphold the jury's verdict. The court in *Pena* held that circumstantial evidence created a fact issue about whether the defendant provided alcohol to an obviously intoxicated person and reversed the summary judgment for the defendant. The court in *Love v. D. Houston, Inc.*, 2000 WL 1230499, (No. 01–98–00594–CV, Houston [1st Dist.], August 31, 2000, no pet'n h.) (not yet reported), held that circumstantial evidence about the effect of a certain blood alcohol level on a person's coordination and appearance could create a fact issue about whether the provider knew of the person's intoxication.[3]

In response to Till's no-evidence motion for summary judgment, Cianci introduced as summary judgment proof excerpts from the deposition testimony of Kevin E. Davis, a Baytown police officer who investigated the collision. Davis testified that he had experience dealing with intoxicated people and that he was certified in various field sobriety tests. He testified that Bonin's blood alcohol level immediately after the collision was .211, twice the legal limit. Davis testified that, given such a high blood alcohol level immediately after the collision, Bonin would have been obviously intoxicated at the Cherokee Country Club. Davis testified that, at a level of .211, Bonin would have had slurred speech and a staggered walk. He testified that Bonin would have exhibited these traits while at the Cherokee Country Club.

Cianci also introduced an affidavit from Dr. James D. Calder, a professor of social and policy sciences at the University of Texas at San Antonio. Calder testified as an expert on the effects of alcohol on the human body. Calder stated in his affidavit that he agreed with Davis: Bonin's blood alcohol level of .211 would have made his intoxication obvious to Till's employees. Calder also stated that the actions of the manager of the Cherokee Country Club

---

3. *Love* was not a Dram Shop case; instead, it dealt with an employer's duty to control its independent contractor under the reasoning of *Otis Engineering Corporation v. Clark*, 668 S.W.2d 307 (Tex.1983). The issue of whether the provider knew of the person's intoxication, however, is similar to the issue here.

led him to believe that Till's employees knew of Bonin's intoxicated state. Calder concluded that "people who have a blood alcohol level of .211 should display obvious signs of intoxication." Cianci also presented Serrano's deposition testimony that the manager at the Cherokee Country Club told her to continue serving obviously intoxicated people when she worked at the bar.

Till argues that, under *Boyd v. Fuel Distributors, Inc.*, 795 S.W.2d 266 (Tex. App.—Austin 1990, writ den'd), it "negated an essential element of [Cianci's] Dram Shop cause of action" because the deposition of Henry Barrientes, a friend of Bonin, is the only direct evidence on Bonin's signs of intoxication. Till's argument fails for two reasons. First, Till moved for a no-evidence summary judgment. The burden was on Cianci to raise a genuine issue of material fact as to the disputed elements of her claim which she did through circumstantial evidence. Rule 166a(i). Till did not move for traditional summary judgment on this ground, and it cannot use a ground not presented in its motion to support the summary judgment on appeal. *McConnell v. Southside Independent School District*, 858 S.W.2d 337 (Tex.1993); *City of Houston v. Clear Creek Basin Authority, supra.* Second, *Boyd* does not stand for the proposition that Till argues. Till contends that the court in *Boyd* held that a plaintiff must present direct evidence on whether a person's obvious intoxication was apparent to the provider. *Boyd* actually held that a plaintiff's testimony that he was not obviously intoxicated did not conclusively negate that element of a claim under the Act because circumstantial evidence, similar to that present in this case, created a fact issue on whether plaintiff was "obviously intoxicated"; therefore, summary judgment could not be sustained on that ground. *Boyd v. Fuel Distributors, Inc., supra.*[4] As in *Boyd*, Cianci re-

butted Barrientes' testimony that Bonin was not obviously intoxicated and created a fact question by presenting her circumstantial evidence.

The circumstantial evidence presented by Cianci is more than a scintilla of proof that Bonin was obviously intoxicated and that his intoxication was apparent to Till when Till provided him alcohol. The trial court erred in granting Till's no-evidence summary judgment. We sustain Cianci's third issue.

### This Court's Ruling

The judgment of the trial court is reversed, and the cause is remanded.

---

4. The plaintiffs in *Boyd* presented expert testimony similar to that given by Calder. The only other evidence the plaintiffs presented was testimony about the particular plaintiff's appearance before and after the purchase; the testimony was from people who were not present when that plaintiff purchased alcohol.