11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Jud Walton

Appellant

Vs.                   No.  11-03-00381-CV -- Appeal from Midland County

City of
Midland, Texas

Appellee

 

This appeal arises from a lawsuit filed by Jud
Walton against the City of Midland, Texas, with respect to the City=s operation of its sewer treatment
farm.  Walton alleged that the
groundwater beneath his ranch had been contaminated by the City=s activities at the facility.  He asserted a damage claim alleging that he
has suffered both temporary and permanent damages.  He also alleged inverse condemnation claims
under the United States and Texas Constitutions.  The trial court entered summary judgment in favor
of the City on all claims asserted by Walton. 
We reverse and remand.

                                                               Background
Facts  








This is the second appeal involving Walton=s claims against the City.  In the previous  appeal, the Eighth Court of Appeals reversed
a portion of a summary judgment order entered in favor of the City.  See Walton v. City of Midland, 24
S.W.3d 853, 862 (Tex.App. - El Paso 2000, no pet=n)
(Walton I).[1]  The previous appeal dealt with the
distinction between temporary damages and permanent damages to real
property.  Walton v. City of Midland,
supra at 856.  The court of appeals
affirmed the trial court=s
entry of summary judgment in favor of the City on the affirmative defense of
limitations as to Walton=s
claim for permanent damages.  Walton
v. City of Midland, supra at 858-60. 
However, the court of appeals reversed the portion of the summary
judgment pertaining to Walton=s
claims for temporary damages.  Walton
v. City of Midland, supra at 856. 
The court of appeals determined that the City=s
motion for summary judgment only applied to Walton=s
claims for permanent damages.  Walton
v. City of Midland, supra at 856. 
Accordingly, the court of appeals remanded Walton=s
claims for temporary damages to the trial court.  Walton v. City of Midland, supra
at 862.

Walton sued other defendants for contamination in
addition to the City in the underlying lawsuit. 
His claims against Phillips Petroleum Company were considered by the
Eighth Court of Appeals in a separate appeal styled Walton v. Phillips
Petroleum Company, 65 S.W.3d 262 (Tex.App. - El Paso 2001, pet=n den=d)(Walton
II).  The court of appeals in  Walton II affirmed the trial court=s entry of summary judgment in favor of
Phillips Petroleum Company on the ground that Walton=s
claims for damages against it were in the nature of permanent damages which
were time-barred rather than temporary damages as alleged by Walton.  Walton v. Phillips Petroleum Company,
supra at 272-74.

                                                           Underlying
Proceedings

The City alleged in its motion for summary
judgment that the Eighth Court of Appeals=s
determination in Walton II was dispositive of Walton=s claims against the City under the
doctrine of issue preclusion or collateral estoppel.[2]  As discussed in Walton I and Walton
II, the distinction between temporary and permanent damages is critical to
assessing the timeliness of Walton=s
suit.  The City also alleged traditional
and no-evidence summary judgment grounds to negate Walton=s takings claim under the Texas
Constitution.  See TEX. CONST.
art. I, ' 17.
Walton attacks the summary judgment order in one issue that is comprised of
five sub-issues.  We will address the
sub-issues separately.       

                                                              Standards
of Review








A defendant is entitled to summary judgment if it
either disproves an element of each of the plaintiff=s
causes of action or establishes an affirmative defense on each of the plaintiff=s causes of action as a matter of law. American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997).  With respect to a traditional summary
judgment motion brought under TEX.R.CIV.P. 166a(c), the moving party has the
burden of showing that there is no genuine issue as to any material fact and
that it is entitled to judgment as a matter of law. Provident Life and
Accident Insurance Company v. Knott, 128 S.W.3d 211, 215-16 (Tex.2003).  In reviewing a summary judgment, we
consider the evidence in the light most favorable to the non-movant and resolve
any doubts in the non-movant=s
favor. Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985). Under TEX.R.CIV.P. 166a(i), a party may move for summary
judgment on the ground that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden
of proof at trial. Unless the respondent produces summary judgment evidence
raising a genuine issue of material fact, the court must grant the motion.  Rule 166a(i); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.2002).  

                                          Necessity
of Pleading an Affirmative Defense

In his first sub-issue, Walton argues that the
trial court erred in granting summary judgment on the City=s affirmative defense of issue
preclusion.  Walton first contends that
the trial court erred because the City did not plead issue preclusion as an
affirmative defense.[3]  Walton raised this contention in the trial
court by including the following objection in his response to the motion for
summary judgment: 

Plaintiff objects to the City of Midland=s attempt to seek summary judgment
based on the defense of res judicata (claim preclusion) or collateral estoppel
(issue preclusion) when the City has failed to plead either defense in its
Answer to Plaintiff=s
Petition.

 








The City responded to Walton=s objection by alleging that the
inclusion of issue preclusion as a ground in its motion for summary judgment
constituted a sufficient pleading of  the
affirmative defense.  The City cited Keck,
Mahin & Cate, Grant Cook v. National Union Fire Insurance Company of
Pittsburgh, 20 S.W.3d 692, 699 (Tex.2000), for this proposition.  We disagree with the City=s interpretation of Keck.  The supreme court held in Keck that a
party may raise an unpleaded affirmative defense in an effort to defeat summary
judgment in its response to the motion for summary judgment.  Keck, Mahin & Cate, Grant Cook  v. National Union Fire Insurance Company of
Pittsburgh, supra at 699.  Keck
is distinguishable from the instant appeal because the City sought to obtain
summary judgment on an unpleaded affirmative defense as opposed to seeking to
defeat summary judgment on an unpleaded affirmative defense.  Moreover, the City=s
analysis presumes that a motion for summary judgment constitutes a
pleading.  The supreme court recently
stated that a motion for summary judgment is not a pleading.  In the Interest of S.A.P., 156 S.W.3d
574, 576 (Tex.2005); see TEX.R.CIV.P. 45(a).  

The resolution of this issue is governed by the
holding in Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 494‑95
(Tex.1991).  In the summary judgment
context, if a party relies on an unpleaded affirmative defense to support a
motion for summary judgment, the non‑movant must object in its response
to that ground for summary judgment in order to avoid trying that issue by
consent.  If the non‑movant does
not object, the trial court may properly grant summary judgment on a
conclusively‑established yet unpleaded affirmative defense. Roark v.
Stallworth Oil and Gas, Inc., supra at 494-95; Cianci v. M. Till,
Inc., 34 S.W.3d 327, 329‑30 (Tex.App. ‑  Eastland 2000, no pet=n).
In this case, Walton objected in his response to the City=s reliance on an unpleaded affirmative
defense.  Accordingly, the issue was not
tried by consent. The trial court erred in granting summary judgment on the
unpleaded affirmative defense of issue preclusion.  See TEX.R.CIV.P. 94.  Walton=s
first sub-issue is sustained.  Walton=s claim for temporary damages is
remanded to the trial court for further consideration.

                                                                     Limitations

The City alleged in the motion for summary
judgment that Walton=s
damage claims were barred by limitations. 
Walton attacks this summary judgment ground in his second
sub-issue.  The City based its
limitations contention on the premise that all of Walton=s
damage claims are permanent in nature. As a result of our resolution of Walton=s first sub-issue, his claim for
temporary damages continues to exist. 
Accordingly, the limitations ground for summary judgment, as well as
Walton=s second
sub-issue, are moot at this time.  

             Intent Element for a Takings Claim Under the Texas
Constitution








The City included a summary judgment ground
premised on the element of intent with respect to Walton=s
takings claim under the Texas Constitution. 
Walton challenges this summary judgment ground in his third and forth
sub-issues.  The parties offered
differing interpretations of the intent element at the trial-court level and in
their initial appellate briefs.  The City
asserted that Walton was required to show that the City intended to damage his
ranch by its operation of the sewer treatment facility in order to assert a
takings claim.  Relying upon this
contention, the City sought a traditional summary judgment with documentary
evidence to the effect that it did not authorize or intend for Walton=s ranch to be damaged in its
installation and operation of the sewer treatment facility.  The City also sought a no-evidence motion for
summary judgment on the grounds that Walton did not have evidence that the City
intended to damage his ranch.   Walton
asserted that he did not have to establish that the City intended to damage his
ranch in order to establish a takings claim. 
Instead, Walton asserted that he only had to show that his property was
damaged as a result of an intentional act.

The supreme court issued an opinion after the
trial court=s entry
of summary judgment that resolves the parties=
conflicting interpretations of the intent element. The claimants in City of
Dallas v. Jennings, 142 S.W.3d 310, 311‑12 (Tex.2004), argued that a
taking occurs if the governmental entity intentionally performs an act which
causes damage.  The defendant in  Jennings asserted that the relevant
question is whether the governmental entity intended to damage the subject
property, not whether it merely intended to take an action that accidentally
resulted in such damage.  City of
Dallas v. Jennings, supra at 313. 
Walton and the City have essentially presented the same contentions in
this appeal.  The supreme court resolved
this issue by holding:

[W]hen
a governmental entity physically damages private property in order to confer a
public benefit, that entity may be liable under Article I, Section 17 if it (1)
knows that a specific act is causing identifiable harm; or (2) knows that the
specific property damage is substantially certain to result from an authorized
government action -- that is, that the damage is necessarily an incident to, or
necessarily a consequential result of the government=s
action.  (Quotations omitted)

 

City of Dallas v. Jennings, supra at 314; see City of Arlington
v. State Farm Lloyds, 145 S.W.3d 165, 168 (Tex.2004).  Accordingly, the supreme court adopted a new
standard for assessing the intent element of a takings claim of which the
parties to this appeal were unaware during the summary judgment proceedings.  In light of the supreme court=s holding in Jennings during the
pendency of this appeal, we remand the takings issue to the trial court in the
interest of justice so that the parties may present the issue in accordance
with the appropriate standard.  See
TEX.R.APP.P. 43.3(b); Kerr-McGee Corporation v. Helton, 133 S.W.3d 245,
258-59 (Tex.2004).  We do not reach
Walton=s third
and fourth sub-issues as a result of the remand.








                                                            Federal
Takings Claim

Lastly, Walton asserts in his fifth sub-issue that
the trial court erred in granting summary judgment with respect to all of his
claims because the City=s
grounds did not address his federal takings claim.  See U.S. CONST. amends. V & XIV;
42 U.S.C. '
1983.  We agree.  The City restricted its inverse condemnation
grounds to Walton=s claim
under the Texas Constitution.  The motion
for summary judgment did not address Walton=s
federal takings claim.  A motion for
summary judgment must stand or fall on the grounds expressly presented in the
motion.  See McConnell v. Southside
Independent School District, 858 S.W.2d 337, 341 (Tex.1993). Granting a motion
for summary judgment on a cause of action not addressed in the motion
constitutes reversible error. See Mafrige v. Ross, 866 S.W.2d 590, 591
(Tex.1993).  Walton=s fifth sub-issue is sustained.  

                                                            This
Court=s
Judgment

The order granting final summary judgment is
reversed and remanded to the trial court for further proceedings.

 

TERRY McCALL

JUSTICE

 

August 31, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of: Wright, J., and McCall, J.[4]











     [1]As
of September 1, 2003, appeals from Midland County are filed in the Eleventh
Court of Appeals.  See TEX. GOV=T CODE  ANN. ' 22.201(l) (Vernon 2004).





     [2]Issue
preclusion, or collateral estoppel, prevents the relitigation of particular
issues already resolved in a prior suit. 
Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex.1992).  Issue preclusion is an
affirmative defense.  TEX.R.CIV.P.
94.  A party asserting issue preclusion
has the burden of pleading and proving its elements.  See In re H.E. Butt Grocery Company,
17 S.W.3d 360, 377 (Tex.App. - Houston [14th Dist.] 2000, orig. proceeding) 

 





     [3]Walton
alleges other reasons why summary judgment on the ground of issue preclusion
constituted error.  In light of our
agreement with his pleading contention, we do not reach the other reasons.  





     [4]W.
G. Arnot, III, Chief Justice, retired effective July 31, 2005.  The chief justice position is vacant.